IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:14CV00068 |
| v. | ) ) ) ) | **OPINION AND ORDER** |
| YOUNG AND ASSOCIATES, INC., d/b/a SHONEY'S RESTAURANT, | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) | |

*Lynette A. Barnes, Regional Attorney, Kara Gibbon Haden, Supervisory Trial Attorney, and Zoë G. Mahood, Senior Trial Attorney, Equal Employment Opportunity Commission, Charlotte and Raleigh, North Carolina, for Plaintiff; Vijay K. Mago and Olaoluwaposi O. Oshinowo, LeClairRyan, a Professional Corporation, Richmond, Virginia, for Defendant.*

In this action by the Equal Employment Opportunity Commission ("EEOC") it is claimed that a restaurant server was discharged by her employer on account of a covered disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117. The defendant employer has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to allege sufficient facts to support the claim. For the reasons that follow, I will deny the defendant's Motion to Dismiss.

I.

The following are the essential facts as alleged in the plaintiff's Complaint, which I must accept as true for purposes of the Motion to Dismiss. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Brooke McCarter was hired as a server at a Shoney's Restaurant in Bristol, Virginia, on March 14, 2013. Her primary job responsibilities were taking orders from customers and serving food, and she usually worked the evening shift. Although McCarter has a specific medical impairment that substantially limits the major life activity of proper function of the digestive system, she was able to successfully perform the essential functions of her job.

On April 8, 2013, the restaurant manager learned of McCarter's medical condition from a third party. Soon after, on April 11, 2013, McCarter confirmed her disability in response to her manager's inquiry. The manager then informed McCarter that she would need to provide a doctor's note affirming that she could work safely at Shoney's. The next day, McCarter secured a note of approval from her doctor prior to her scheduled shift. When McCarter arrived at work, however, the manager refused to accept or even review the note she had brought from her doctor, and immediately discharged her due to her disability.

Thereafter, the EEOC filed this action on McCarter's behalf pursuant to 42 U.S.C. § 12117(a), claiming that the defendant wrongfully discharged her due to

her disability, in violation of the ADA. In response, the defendant filed the present Motion to Dismiss, which has been fully briefed and is ripe for decision.[1] Jurisdiction of this court exists pursuant to 28 U.S.C. §§ 1331 and 1345.

II.

"A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint," which in this case is "measured by whether it meets the standards for a pleading stated in Rule 8 (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on a motion to dismiss, the court accepts "as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." *Philips*, 572 F.3d at 180.

Against this backdrop, the defendant argues that, to survive a motion to dismiss, the plaintiff must plead sufficient facts to support a prima facie case of wrongful discharge — a threshold it has failed to meet. The defendant's argument is unavailing, however, because it relies on the incorrect legal standard. Rule 8(a)(2) requires only that a pleading contain a "'short and plain statement of the

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing Fed. R. Civ. P. 8(a)(2)). The Supreme Court has held that in order to meet this standard, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 555).

Regarding the standard for employment discrimination claims, the Fourth Circuit has specifically held that, in order to survive a motion to dismiss, "a plaintiff is not required to plead facts that constitute a prima facie case." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002)).[2] Nevertheless, a complaint's "'[f]actual allegations must be enough to raise a right to relief above the

---

[2] There has been dispute over the continued viability of *Swierkiewicz* in the wake of *Twombly* and *Iqbal*. Several courts, including the Fourth Circuit, have noted that the Court in *Twombly* effectively overruled *Swierkiewicz* to the extent that it relied on the standard for dismissal set forth in *Conley v. Gibson*, 355 U.S. 41 (1957). *See, e.g.*, *Francis*, 588 F.3d at 192 n.1 (noting that *Conley* standard quoted in *Swierkiewicz* was "explicitly overruled" in *Twombly*); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (stating that *Swierkiewicz* was "specifically repudiated by both *Twombly* and *Iqbal*, . . . at least insofar as it concerns pleading requirements and relies on *Conley*"). However, the Fourth Circuit has continued to adhere to *Swierkiewicz*'s central holding rejecting heightened pleading standards in discrimination cases. *Coleman*, 626 F.3d at 189.

speculative level.'" *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555). Although a complaint need not contain detailed factual allegations, it must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Further, the Fourth Circuit has recognized that *Swierkiewicz* "'left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of her claim.'" *Miller v. Carolinas Healthcare Sys.*, 561 F. App'x. 239, 241 (4th Cir. 2014) (unpublished) (quoting *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 346 (4th Cir. 2006)).

The ADA prohibits discrimination against "a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). To establish disability discrimination, an individual must demonstrate that (1) she had an ADA-covered disability; (2) she was a "qualified individual," meaning that she was able to perform the essential functions of her job; and (3) her employer took an adverse action against her due to her disability. *Martinson v. Kinney Shoe Corp.,* 104 F.3d 683, 686 (4th Cir.1997).

The Complaint here meets the proper standards, by providing the defendant fair notice of the grounds for the plaintiff's claims and stating a claim for which relief can be granted under the ADA. *See Swierkiewicz*, 534 U.S. at 514. The Complaint alleges that McCarter was within the ADA's protected class and suffered an adverse employment action on account of her disability. It alleges that McCarter was able to successfully perform her duties as a server, and that the

-5-

Case 1:14-cv-00068-JPJ-PMS   Document 15   Filed 01/07/15   Page 5 of 6   Pageid#: 94

defendant discharged her as a direct result of the fact that she has a disability that impairs her digestive system. Further, the Complaint spells out the precise circumstances surrounding McCarter's discharge — that the defendant asked her for a doctor's note approving her work as a restaurant server, which she provided, and then immediately discharged her without reviewing or accepting the note. *See id.* (holding that detailed description of events leading to termination, including relevant dates and nationalities of involved individuals, was sufficient for national origin discrimination complaint to survive motion to dismiss). These alleged facts give rise to a "reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, and are thus sufficient to "nudge [the plaintiff's] claim[] across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *cf. Jordan*, 458 F.3d at 346-47 (holding that complaint conclusorily stating that race was factor in discharge, without providing supporting facts but merely "speculation and argument," was deficient and required dismissal).

III.

For these reasons, it is **ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 7) is DENIED.

ENTER: January 7, 2015

/s/ James P. Jones
United States District Judge